CLARK ET AL. *v.* THE OWENSVILLE BUILDING &
LOAN CO. ET AL.

(Decided April 24, 1933.)

*Mr. Harry E. McKeever,* for plaintiffs in error.
*Messrs. Davis, Ely & Ely,* for defendants in error.

Ross, J. This is a proceeding in error from the court of common pleas of Clermont county, wherein judgment was rendered for the plaintiff, the Owensville Building & Loan Company, who sued for judgment on certain notes, the foreclosure of a mortgage given to secure the same, and for cancellation of a recorded release of the property covered by the mortgage, on the ground that it was fraudulently obtained and was in part a forgery.

The answer set up estoppel and denied that the release was a forgery or secured by fraud.

The court submitted the entire case to a jury, who found for the plaintiff loan company. The court, after overruling a motion for a new trial, rendered judgment upon the notes and ordered sale. The judgment does not recite a cancellation of the release.

An action to foreclose a mortgage and to cancel a fraudulent instrument is one in equity, triable to the court. The suit for judgment upon the notes is one at law.

The existence of a recorded release being admitted by the plaintiff loan company, in fact alleged to exist in the petition, required the action of a court of equity before the law action could proceed. As noted, the court even in the final judgment does not find that the release was fraudulent; nor does the court order its cancellation, and to this day it stands unimpeached upon the records of Clermont county, an absolute bar to the foreclosure proceeding and to an action upon the notes given by the grantor of the defendants and not assumed by them.

Coming to the consideration of the suit upon the notes, and for the time being eliminating from consideration the failure of the court to properly pass upon the equity case properly submitted to it, we find that in this, also, there was prejudicial error.

The facts developed that the defendants below purchased certain property, which was a part of a number of lots owned by W. E. Leever, all of which were under mortgage to the plaintiff loan company.

The defendants below employed the attorney for the loan company to examine the title to the property before purchasing it. The presence of the mortgage was reported to the defendant purchasers, and a release was prepared by the attorney for the defendants and the loan company, and sent to Leever, who returned it signed by himself and F. W. Schobert, the president of the loan company. It was filed and recorded. Four years later suit was filed.

The testimony of the witness Schobert is most unsatisfactory. Only after a recess did he state he had not signed the release. Previous to this he iterated the statement that he may have signed it, but did not know what it was.

There was evidence that some releases were acted upon by the board of directors of the loan company, and others simply executed by the officers, under a general authority.

Considering the fact that the attorney and employee of the building association acted for both parties and was completely familiar with all the facts, that it is admitted that the secretary signed the release and was the trusted employee of the association, and the extremely weak testimony of the president, as well as the fact that the recorded lease was notice to the loan company for four years, we conclude that the weight of the evidence established an estoppel on the part of the loan company to assert any rights under the notes or mortgage, neither of which was assumed by the defendants below, either directly or inferentially. No obligation thereon against them could be asserted in the face of the release, the effect of which the loan company was estopped by its conduct to deny. *Citizens' Saving Bank* v. *Blakesley,* 42 Ohio St., 645; *Cincinnati, N. O. & T. P. Ry. Co.* v. *Citizens' National Bank,* 56 Ohio St., 351, 383, 47 N. E., 249, 43 L. R. A., 777; *Schurtz, Admr.,* v. *Colvin,* 55 Ohio St., 274, 45 N. E., 527.

The evidence upon some of the issues being in dispute, and newly discovered evidence being asserted by the defendants below, and the court having failed to exercise its chancery jurisdiction, the judgment is reversed and the case remanded for a new trial, according to equity and law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.